IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL AARON LITTLE,<br>§ Petitioner,<br>§<br>v. §<br>§<br>COLE JETER, Warden, §<br>Federal Medical Center-Fort Worth, §<br>§ Respondent. | § § § § § § § § | Civil Action No. 4:05-CV-044-Y |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.    PARTIES**

Petitioner Michael Aaron Little, Reg. No. 06099-058, is a federal prisoner who is currently incarcerated in the Federal Medical Center, Fort Worth, Texas.

The Respondent is Cole Jeter, Warden of the Federal Medical Center, Fort Worth, Texas.

**C. PROCEDURAL HISTORY**

On February 5, 1986, Little was indicted in cause no. C-CR-86-18 (Case 1) in the Western District of North Carolina for possession of cocaine with intent to distribute. (Pet'r Exhibit A.) The offense was alleged to have occurred on January 10, 1986. (Pet'r Exhibit 1)  On April 11, 1986, Little was sentenced to ten years' confinement for the offense. (Resp't Appendix 1, at 2.) On March 2, 1987, in cause no. C-CR-87-19 (Case 2), Little was indicted in the same court for conspiracy to possess cocaine with intent to distribute and investment of illegal drug profits in a continuing criminal enterprise (CCE). (Pet'r Exhibit B; Resp't Appendix 1, at 2.) Little was found guilty of conspiracy and CCE, and, on September 3, 1987, he received a thirty-year sentence on the conspiracy count, the sentence to run consecutively to the previously imposed ten-year sentence, for a total of forty years. (Resp't Appendix 1, at 2.) On the CCE count, he received a nonparoleable thirty-year sentence, the sentence to run concurrently with all other sentences. (*Id.*) On April 4, 1996, Little paroled from the sentences in Case 1 and Case 2, except for the concurrent nonparoleable thirty-year sentence for CCE imposed in Case 2. (*Id.* at 3.) The Bureau is computing his thirty-year sentence from a begin date of September 3, 1987, the date of imposition. (*Id.* at 3.)

By way of the instant petition, Little contends a double jeopardy violation occurred because the same criminal acts alleged in the indictment in Case 1 (possession with intent to distribute cocaine on or about January 10, 1986), and for which he was convicted, were alleged in the superceding indictment in Case 2 as overt acts supporting the conspiracy and CCE charges. (Pet'r Memorandum in Support at 2-5.) It appears that, on this basis, he seeks prior custody credit under

former 18 U.S.C. § 3568 (now 18 U.S.C. § 3585) for April 11, 1986 to September 2, 1997 on his thirty-year sentence.[1]  (Pet'r Memorandum in Support at 7.)

Little has sought postconviction relief on numerous occasions.  He has raised the same or similar double jeopardy claim on at least three of those occasions since his convictions in Case 2 in 1987.  In the same year, Little raised a similar claim, in the context of a collateral estoppel claim, in the convicting court to no avail.  (Pet'r Memorandum in Support at 5.)  *United States v. Little*, 665 F.Supp 450, 452-53 (W.D. N.C. 1987), *aff'd*, 854 F.2d 1218 (4th Cir. 1988), *cert. denied*, 488 U.S. 1016 (1989).  In 2002, Little pursued the same double jeopardy claim he now raises through the prison administrative appeals process to no avail.  (Attachments to Petition.)  Also, in 2002, Little raised his double jeopardy claim in a motion to correct sentence under rule 35(a) in the convicting court, which was denied.  In 2004, on appeal from that denial, the Fourth Circuit concluded that Little's request for sentencing credit should be brought pursuant to 28 U.S.C. § 2241 in the district where he is presently incarcerated.  *See United States v. Little*, 392 F.3d 671, 669, 682 (4th Cir. 2004).  This petition, filed on January 19, 2005, followed.

**D.  DISCUSSION**

The Double Jeopardy Clause forbids the duplicative prosecution of a defendant for the same offense. U.S. CONST., amend. 5; *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  However, a substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes.  *United States v. Felix*, 503 U.S. 378, 387 (1992) (finding no double jeopardy violation where two of nine overt acts supporting conspiracy charge were previously prosecuted as

---

[1] Little contends the Bureau lacks the authority to grant credit for the period in question under former § 3568 because the time was credited to another sentence. Thus, he asks the court to "adjust" his sentence accordingly.  (Pet'r Memorandum in Support at 7, 10-11, 13.)

**Findings, Conclusions and Recommendations
of the United States Magistrate Judge—Page 3 of 5**

substantive crimes); *United States v. Brackett*, 113 F.3d 1396, 1400 n.6 (5th Cir.), *cert. denied*, 522 U.S. 934 (1997). The same overt acts charged in a conspiracy count may also be charged and proved as substantive offenses, for the agreement to do the act is distinct from the act itself. *United States v. Bayer*, 331 U.S. 532, 542 (1947); *United States v. Marden*, 872 F.2d 123, 125-26 (5th Cir. 1989). Therefore, the fact that an overt act contained in the conspiracy count of the superceding indictment encompasses the act for which Little was previously convicted does not violate double jeopardy. Similarly, a subsequent prosecution for CCE based in part on conduct which formed the basis of a prior conviction does not constitute double jeopardy. *See Garrett v. United States*, 471 U.S. 773, 793, 795 (1985). Consequently, double jeopardy did not bar Little's prosecution on the conspiracy and CCE charges.

## II.  RECOMMENDATION

Based on the foregoing discussion, it is recommended that the petition for writ of habeas corpus be DENIED.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 18, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 18, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 27, 2005.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE