```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

MICHAEL AARON LITTLE,            §
    Petitioner,              §
                                 §
VS.                              §   CIVIL ACTION NO.4:05-CV-044-Y
                                 §
COLE JETER, Warden,              §
FMC-Fort Worth,                  §
    Respondent.              §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Michael Aaron Little under 28 U.S.C. § 2241, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on April 27, 2005; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on May 5, 2005.

The Court, after <u>de novo</u> review, concludes that Little's objections must be overruled,[1] and that the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be denied, for the

---

[1] Little's objection that his indictment for possession with intent to distribute and distribution under Counts 33 and 34 in cause number C-CR-87-19, was an improper re-indictment of him for the same offense for which he was convicted in cause number C-CR-86-18-01, is not addressable in this action under 28 U.S.C. § 2241. *See United States v. Little,* 392 F.3d 671, 674-77 (4th Cir. 2004)(noting Little's "long history of litigation in this court [relating to his conviction and sentence]," and distinguishing claims to be brought under 28 U.S.C. § 2255 from § 2241). Furthermore, such argument does not favor his sentence credit claim. Little's sentence on counts 33 and 34, as well as counts 3-10, 12-14, 22, 23, 30, and 31 of case number C-CR-87-19, was aggregated with the sentence earlier imposed in case number C-CR-86-18, and Little was given sentence credit towards that aggregate sentence from the April 11, 1986, date of sentencing in case number C-CR-86-18. (May 5, 2005, Objections-Exhibit A; Declaration of Hazelton, ¶¶ 3-4.) As Little does not dispute, he has already paroled from that aggregate sentence. (Declaration of Hazelton, ¶ 3.) Little is now imprisoned on the non-parolable thirty year sentence for engaging in a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848. (May 5, 2005, Objections-Exhibit A; Declaration of Hazelton, ¶ 3.) Little is not entitled to again receive presentence credit towards the CCE sentence.

reasons stated in the magistrate judge's findings and conclusions, and for the reasons stated in respondent Jeter's March 25, 2005, response at pages 4-6.

It is therefore ORDERED that the findings, conclusions, and recommendation of the magistrate judge should be, and are hereby, ADOPTED.

It is further ORDERED that Michael Aaron Little's petition for writ of habeas corpus under 28 U.S.C. § 2241 be, and is hereby, DENIED.

SIGNED May 16, 2005.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE